NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

v.

SHARON MARIE EDLUND, *Appellant.*

No. 1 CA-CR 18-0023
FILED 3-7-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-139087-001
The Honorable Lauren R. Guyton, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Paul J. McMurdie joined.

_____

**W E I N Z W E I G**, Judge:

¶1 Sharon Edlund appeals her conviction for aggravated taking the identify of another, a class 3 felony. After searching the record and finding no arguable, non-frivolous question of law, Edlund's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Edlund had an opportunity to file a supplemental brief but did not. After reviewing the record, we affirm Edlund's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 A Scottsdale police officer witnessed a pick-up truck driving well below the speed limit at 3:30 a.m. The posted speed limit was 50 miles per hour, but the truck was crawling at 10-15 miles per hour. The officer followed the truck onto a residential road, where it made an "abrupt turn" into a driveway.

¶3 The officer ran the license plate and discovered the truck belonged to a south Phoenix resident. He knocked at the front door, but no one answered. Dispatch reached the homeowner who authorized the police to enter her backyard.

¶4 Once backup arrived, the officers walked into the backyard and found Edlund and her co-defendant crouched behind a pool pump. The officers took them into custody. An officer then peeked into the vehicle to check if others were hiding inside. He saw stacks of mail on the passenger floorboard. Officers later determined the mail was addressed to various individuals and residences in the vicinity. Four witnesses confirmed the mail belonged to them or their household; they never received the mail; and they never authorized Edlund or anyone else to retrieve or possess the mail.

¶5 The State charged Edlund with aggravated taking the identity of another, a class 3 felony (Count 1), and criminal trespass in the first degree, a class 1 misdemeanor (Count 3).[1] A.R.S. §§ 13-2009(A)(1), 13-1504. A six-day jury trial followed. After the State rested, Edlund moved for judgment of acquittal, and the court granted her motion as to Count 3 only. Count 1 went to the jury, which found Edlund guilty as charged. The trial proceeded with the aggravation phase, where the jury found the State failed to prove the requisite elements. The court suspended imposition of sentence and ordered supervised probation for an 18-month term.

¶6 Edlund timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

¶7 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. Edlund was present and represented by counsel at all stages of the proceedings against her, except when counsel waived her presence. The record reflects the superior court afforded Edlund her constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support the jury's verdict. Edlund's term of probation falls within the lawful range.

## CONCLUSION

¶8 We affirm Edlund's conviction and term of probation. Counsel's obligations in this appeal will end once Edlund is informed of the outcome and her future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Edlund

---

[1] The State charged Edlund's co-defendant with an additional count of possession or use of marijuana, a class 6 felony (Count 2). Before trial, the co-defendant pled guilty to Counts 1 and 2, as amended to a class 6 undesignated felony, and received a sentence of 2.5 years' imprisonment on Count 2, and two years' probation on Count 1. The co-defendant is not a party to this appeal.

has 30 days from the date of this decision to proceed with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:   AA